In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00415-CR
_____

TIFFANY RHAE WHITTLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 258th District Court
Polk County, Texas
Trial Cause No. 25352

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, Appellant Tiffany Rhae Whittley pleaded guilty to the offense of intentional injury to a child, a third-degree felony. *See* Tex. Penal Code Ann. § 22.04(f). The trial court found Whittley guilty of the offense of intentional injury to a child. The trial court sentenced her to nine years of confinement, assessed a $2,000 fine, assessed 200 hours of community

supervision, required her to pay $50.00 to the Polk County Crimestoppers, Inc., required her pay $50.00 to Childrenz Haven within ninety days, and ordered her to attend and complete anger management classes within ninety days. On November 7, 2017, the trial court suspended the sentence and placed Whittley on community supervision for a period of five years. In November 2019, based on certain violations of the conditions of her community supervision, the trial court extended Whittley's supervision an additional year from November 7, 2022, to November 6, 2023. *See* Tex. Code Crim. Proc. Ann. art. 42A.753.

Subsequently, the State filed multiple motions to revoke community supervision. The State alleged that Whittley violated the terms and conditions of her community supervision. Whittley pleaded "not true" to the alleged violations but stipulated to violating condition "a" by being convicted of another criminal offense. After conducting an evidentiary hearing, the trial court found multiple allegations "true," and that Whittley violated terms a, b1, d, and p of her community supervision. The trial court revoked Whittley's community supervision and assessed punishment at three years of confinement.

Whittley's appellate counsel filed an *Anders* brief presenting counsel's professional evaluation of the record and concludes that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex.

2

Crim. App. 1978). On June 24, 2025, after Whittley's counsel filed the *Anders* brief, we granted an extension for Whittley to file a pro se brief, but Whittley filed no response.

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and subject to the modification discussed below, we agree with counsel's evaluation that no arguable issues support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

## Modifying the Judgment

We have the power to reform or modify a judgment in *Anders* cases to address non-reversible error and to affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b) (allowing appellate court to modify trial court's judgment and affirm as modified); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (noting a court

of appeals may modify the lower court's judgment by correcting or reforming it); *Bray v. State*, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth 2005, no pet.) (exercising authority to reform judgment in *Anders* case and affirming trial court's judgment).

Here, we note that the trial court's Judgment Revoking Community Supervision incorrectly states that Whittley violated conditions "a, b1, d, k, l, m, p, and q." Subsequently, the State filed a Motion Nunc Pro Tunc, asking that the Judgment Revoking Community Supervision be amended to reflect the correct violations of "a, b1, d, and p." The trial court signed an Order granting the Motion Nunc Pro Tunc, but an amended judgment or judgment nunc pro tunc does not appear in the clerk's record or supplemental record. We can modify the judgment "to make the record speak the truth." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see* Tex. R. App. P. 43.2(b). Therefore, consistent with the record in this case and the trial court's Order granting the Motion Nunc Pro Tunc, we modify the trial court's Judgment Revoking Community Supervision to delete the following conditions violated: "k," "l," "m," and "q." The judgment should now

reflect that Whittley violated conditions "a, b1, d, and p." We affirm the trial court's

judgment as modified.[1]

AFFIRMED AS MODIFIED.

W. SCOTT GOLEMON
Chief Justice

Submitted on April 14, 2026
Opinion Delivered April 22, 2026
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.

---

[1]Whittley may challenge our decision by filing a petition for discretionary review. *See* Tex. R. App. P. 68.